JOHN S. SMITH *vs.* JAMES O. CURTIS & another.

In an action by the mate of a vessel against the owners, to recover wages for services performed by him in navigating her to the end of a voyage after the master's death, no exception lies to an instruction to the jury that he is entitled to recover what his services were worth to the defendants, if his claim is only for the same wages which had been allowed to the master, and the instruction is in reference to this claim.

CONTRACT against the owners of the ship Bunker Hill, to recover wages for services performed by the plaintiff in navigating the ship.

At the trial in the superior court, before *Brigham*, J., it appeared that the plaintiff, having been twelve years at sea, shipped as mate of the Bunker Hill, for a voyage from London to Melbourne, Callao and the Chincha Islands, at fifty dollars a month. When the ship had been at sea about sixteen days, the master died, and the plaintiff assumed his duties. The evidence tended to show that there was no other person on board who was competent to navigate her. The plaintiff claimed the wages of

master during the time that he performed the duties of master. The defendants requested the court to instruct the jury that the plaintiff, having entered the defendants' service as mate, under a contract for fifty dollars a month wages, could not in this action recover more than that sum ; or that he could recover only the fair average wages of a master, having his knowledge and experience.

But the judge refused so to rule, and instructed the jury that the plaintiff was entitled to recover for his services as master, after the death of the former master, what his services were worth to the defendants ; that, in estimating the worth of these services, the jury might consider the facts, if proved, that, when the plaintiff took command of the defendants' ship, there was no other person in the ship's company competent to navigate the ship, and that, from this cause, the plaintiff was required to perform unusual and extraordinary duties, and to undertake unusual and extraordinary care and vigilance in navigating the ship and conducting the voyage, and did actually perform and undertake such duties and care ; and also the facts, if proved, that the plaintiff had less of commercial experience and capacity than was required to manage the commercial business of the defendants' ship, in relation to her crew, cargo and freight, upon the voyage in which she was engaged, and in the ports visited by her ; and that, from this cause, the defendants were obliged to incur and did incur expenses of commissions, and were exposed to other costs, charges and liabilities, which would have been saved to them if the plaintiff had been competent to perform the usual and ordinary commercial duties required of the master of such a ship, on such a voyage.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*E. F. Hodges*, for the defendants.

*H. A. Scudder*, for the plaintiff.

HOAR, J. The defendants do not now contend that the instructions to the jury which they asked at the trial should have been given. It is conceded that the plaintiff was entitled to recover, not merely " the fair average wages of a master, having

his knowledge and experience," but of such a master when required to do unusual and extraordinary duties, under circumstances of peculiar peril and responsibility. The rule of compensation was clearly a *quantum meruit,* in view of all the circumstances of the case. And this, we think, fairly interpreted, was the rule actually given.

The objection now pressed is, that the jury were told that the plaintiff could recover " what his services were worth to the defendants," and that this might have been the whole value of the ship, if it were saved from destruction by his exertions. But it does not appear to us that the language was used in any such sense, or that the jury could have so understood it. No such standard of value was suggested. The subject under consideration was not salvage, but service rendered for wages. In estimating the value of the services, the jury were directed to consider the degree of capacity which the plaintiff possessed, and the kind and amount of labor which he was required to perform ; but nothing was said to them of the amount of property which was saved by his exertions. No request for instructions on that point was made, nor any suggestion of such a reason for exception. In the statement to the jury that the measure of compensation was " what the services were worth to the defendants," their attention was called only to the quality and amount of the labor; and we are of opinion that it requires a refinement of criticism too great for practical purposes to suppose a meaning conveyed to them which the language might indeed possibly bear, but which was so foreign to the connection in which it was used, and which was not brought to the attention of the presiding judge in any such view.

*Exceptions overruled.*